UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRAYAN ESNEIDER
CARRASQUILLA OCAMPO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

CASE NO. 2:26-cv-01953-JNW

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner Brayan Esneider Carrasquilla-Ocampo's Petition for a Writ of Habeas Corpus. Dkt. No. 1. Having reviewed the petition, Respondents' return, Dkt. No. 4, the traverse, Dkt. No. 7, and all other supporting materials, the Court GRANTS the petition for the reasons stated below.

## 1.   BACKGROUND

Brayan Esneider Carrasquilla-Ocampo is a citizen of Colombia held in custody by Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC"). Dkt. No. 6-1. He entered the United States on or about April 13, 2023, without being admitted or paroled after inspection by an

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

immigration officer. *Id.* Four days later, on April 17, 2023, ICE issued a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)—a noncitizen present in the United States without being admitted or paroled. Dkt. No. 5 ¶ 4. ICE released him that same day on an Order of Recognizance ("OREC"). *Id.*; Dkt. No. 6-2.

Carrasquilla-Ocampo then lived in the community for three years. He retained a lawyer, applied for asylum, went to school to learn English, worked to support himself, and became engaged to a U.S. citizen. Dkt. No. 7 at 6–7. He attended every scheduled ICE check-in and never missed one. Dkt. No. 1 ¶¶ 5, 30.

On January 23, 2026, Petitioner was arrested for driving under the influence. Dkt. No. 5 ¶ 5. Carrasquilla-Ocampo pled not guilty, and charges related to the arrest are still pending. *Id.*; Dkt. No. 7-2. Based on his DUI charge, and a previous arrest in 2024, ICE revoked his OREC. He was taken into custody on May 8, 2026, and has been detained at NWIPC ever since. Dkt. No. 5 ¶ 6. He received no written notice and no hearing before a neutral decisionmaker before his re-detention.

## 2. LEGAL STANDARDS

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody,"

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *See Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Plaintiffs seeking equitable relief in the form of permanent injunctions must show: "(1) that [they] ha[ve] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006); *see Francisco Lorenzo,* 2026 WL 237501, at *6 (applying permanent injunction standard to injunctive relief requested in immigration habeas proceedings).

### 3. DISCUSSION

**3.1    Carrasquilla-Ocampo is not subject to mandatory detention under 8 U.S.C. § 1225(b).**

Respondents argue relief should be denied because Carrasquilla-Ocampo is mandatorily detained under 8 U.S.C. § 1225. A person detained under § 1225 may be released only under the agency's parole authority, 8 U.S.C. § 1182(d)(5)(A). Carrasquilla-Ocampo was released on an Order of Recognizance. Dkt. No. 6-2. Release under an OREC is authorized only under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). That Carrasquilla-Ocampo was detained and released under § 1226 is reaffirmed by Respondents' statement that Carrasquilla-Ocampo's NTA indicates that he is charged under the Immigration and Nationality Act § 212(a)(6)(A)(i) (codified at 8 U.S.C. § 1182(a)(6)(A)(i)), which reads: "[a]n alien present in the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." Dkt. No. 5 ¶ 4. The Court finds that Carrasquilla-Ocampo is not subject to mandatory detention under Section 1225(b) and is instead detained under Section 1226(a). Respondents appear to concede as much as they ask the Court to find in the alternative that Carrasquilla-Ocampo is entitled at most to a post-detention bond hearing. Dkt. No. 6 at 8. But he is entitled to more than that.

### 3.2    Carrasquilla-Ocampo's OREC revocation violated due process.

Respondents concede they re-detained Carrasquilla-Ocampo on May 8, 2026, without notice or a pre-deprivation hearing beforehand. They say none was needed because his DUI arrest was a "material change in circumstances that justifies revocation of his release and return to custody." Dkt. No. 6 at 7–8. But an arrest on charges he denies, which no court has yet resolved, does not exempt the Government from its constitutional obligations.

To decide what process is required, courts weigh the private interest at stake, the risk of erroneous deprivation through existing procedures, and the Government's interest to determine what process is constitutionally required. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). All three *Mathews* factors favor Carrasquilla-Ocampo. First, his private interest is perhaps at its height, as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty protected by the Due Process Clause." *Zadvydas*, 533 U.S. at 690. Carrasquilla-Ocampo lived in the community

for over three years and built a life there in reliance on his release. Second, the risk of erroneous deprivation is high. The DUI charge that purportedly triggered his re-detention is just that—a charge—as the case remains open. Thus, whether any OREC violation occurred is a contested question that no neutral arbiter has resolved. Third, the Government's interest in re-detaining Carrasquilla-Ocampo without a hearing is low. Nothing prevented ICE from scheduling a hearing before re-detaining him; indeed, the three-month gap between the January DUI arrest and the May re-detention undermines any claim of urgency. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025).

Applying the *Mathews* test, this Court finds that due process requires pre-deprivation notice and a hearing before revoking a noncitizen's order of supervision and re-detaining them. *Aslan v. Wamsley et al.*, Case No. 2:25-cv-02698-JNW, 2026 WL 238675, at *3 (W.D. Wash. Jan. 29, 2026) (citing *E.A. T.-B.*, 795 F. Supp. 3d 1324).

Courts in this district and elsewhere have consistently reached the same conclusion. *See, e.g.*, *Tessema v. Bondi,* No. C25-2330-JNW-MLP, 2025 WL 4033288, at *1 (W.D. Wash. Dec. 11, 2025), *report and recommendation adopted*, No. C25-2330-JNW-MLP, 2026 WL 84922 (W.D. Wash. Jan. 12, 2026); *Pineda v. Chestnut,* No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *5 (E.D. Cal. Jan. 5, 2026) ("Although Respondents allege in their opposition that Petitioner repeatedly violated the terms of her release [citation omitted], no neutral arbiter has determined whether those facts show that Petitioner is a flight risk or danger to the community."); *Ramirez Tesara v. Wamsley,* 800 F Supp. 3d 1130, 1137 (W.D. Wash.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

2025) (even when it alleges supervised release violations, the Government must provide notice and a pre-detention hearing to comply with due process); *Ledesma Gonzalez v. Bostock*, No. 25-cv-01404-GJL, 2025 WL 2841574, at *8–9 (W.D. Wash. Oct. 7, 2025). And a "post-deprivation hearing[ ] cannot serve as an adequate procedural safeguard because [it occurs] after the fact and [thus] cannot prevent an erroneous deprivation of liberty." *E.A. T.-B.*, 795 F. Supp. 3d at 1324. *Nguyen v. Bondi*, No. 2:25-CV-02723-RAJ, 2026 WL 183819, at *4 (W.D. Wash. Jan. 23, 2026) (revocation of an OSUP requires notice and a pre-deprivation hearing). *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *3-5 (W.D. Wash. Jan. 9, 2026) ("The Government's redetention of Petitioner with insufficient notice and no opportunity to be heard violates the due process protections afforded to her by the Constitution.").

This case presents nothing that would warrant a different result. Respondents concede that no notice or pre-deprivation hearing was provided. They argue that the Court should simply infer that Carrasquilla-Ocampo's detention is justified because ICE determined that he violated his OREC. However, even when it alleges supervised release violations, Respondents still must provide notice and a pre-detention hearing to comply with due process. Carrasquilla-Ocampo's re-detention violates procedural due process. This is a basis for his immediate release.

Respondents ask in the alternative that the Court order only a bond hearing. Dkt. No. 4 at 9. That remedy is insufficient. Carrasquilla-Ocampo has been detained for more than 90 days without any process. A post-deprivation hearing cannot undo the constitutional violation that has already occurred and is continuing

to occur. *See Kumar v. Bondi,* No. 2:25-cv-02285, 2025 WL 2677089, at \*3 (W.D. Wash. Sept. 16, 2025) ("[R]elease following post-deprivation procedures is insufficient to remedy the alleged harm because the alleged harm, i.e., potentially erroneous detention, has happened and is continuing to occur."). Moreover, Carrasquilla-Ocampo voluntarily appeared at his scheduled ICE check-in, which undermines any inference that he is a flight risk requiring continued detention pending a hearing.

### 3.3    Respondents must follow the law before re-detaining Carrasquilla-Ocampo again.

Carrasquilla-Ocampo asks the Court to prohibit his future re-detention absent changed circumstances, notice, and a hearing before a neutral decisionmaker. The Court finds this relief is necessary to fully realize the intent of this order.

Carrasquilla-Ocampo has satisfied the requirements for a permanent injunction. *See eBay*, 547 U.S. at 391. He suffered irreparable injury through the violation of his constitutional right to due process and more than 90 days of unlawful detention. No monetary remedy can compensate for the deprivation of physical liberty. The balance of hardships favors Carrasquilla-Ocampo, as the injunction requires only that Respondents comply with the Constitution before re-detaining him. And the public interest is served by an order prohibiting Respondents from violating the Due Process Clause.

Carrasquilla-Ocampo has also established a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case

alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). ICE has already detained him once without process, raising concern that, absent injunctive relief, Carrasquilla-Ocampo may be subject to the same due process violation again. Several courts in this District have granted similar relief under comparable circumstances. *See, e.g.*, *Nguyen*, 2026 WL 183819, at * 6; *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir*, 2026 WL 74088, at *5 (same); *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same); *Do v. Scott*, No. 24-cv-2187, 2025 WL 3496909, at *6 (W.D. Wash. Dec. 5, 2025) (prohibiting re-detention without valid travel document and other specified conditions).

Accordingly, the Court prohibits the re-detention of Carrasquilla-Ocampo unless Respondents first provide written notice of the basis for the proposed re-detention and an immigration court hearing is held to determine whether detention is appropriate.

### 4.  CONCLUSION

Accordingly, the Court ORDERS:

1.  The Petition for a Writ of Habeas Corpus is GRANTED, Dkt. No. 1.

2.  Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to the conditions of his prior OREC.

3.  Petitioner may not be re-detained unless Respondents provide Petitioner with written notice of the basis for the proposed re-detention in advance and

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 9

an immigration court hearing is held to determine whether detention is appropriate.

4. Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

5. Any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 20th day of July, 2026.

*Jamal W*

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 10